IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL JOE ELLIS, § | |
| (TDCJ-CID #00269408) § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-12-2753 |
| § | |
| BRAD LIVINGSTON, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

Michael Joe Ellis, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), sued in September 2012, alleging a denial of due process. Ellis, proceeding *pro se* and *in forma pauperis*, sued Brad Livingston, the Executive Director of the TDCJ-CID, and the following prison officials at the Estelle Unit: Warden Cody Ginsel, Sergeant Tracy A. Puckett, Disciplinary Captain Robert Jenkins, and counsel substitute Staci Crowley, counsel substitute. A careful review of Ellis's claims show that they lack merit as a matter of law. This case is dismissed, with prejudice; final judgment is separately entered. The reasons are explained in more detail below.

**I.   Ellis's Allegations**

Ellis alleges that on February 29, 2012, Sergeant Puckett, a drug-testing coordinator at the Estelle Unit, ordered him to submit to a urinalysis. Ellis urinated in the toilet and approximately one-half cup in a styrofoam cup. After some time, Sergeant Puckett provided Ellis with a specimen jar. Ellis had trouble producing more urine, so he poured the urine from the styrofoam cup into the specimen jar. Sergeant Puckett tested the urine and reported that it had no illegal substances.

Sergeant Puckett then asked Ellis why the urine was not warm. When Ellis explained, Sergeant Puckett told him that he would be charged with a disciplinary violation.

On March 6, 2012, Ellis was charged in disciplinary case number 20120182942 with failing to provide a urine sample within two hours after the order was issued, a Level I, Code 12.1 violation. Captain Jenkins conducted the disciplinary hearing on March 7, 2012. Captain Jenkins said he would reprimand Sergeant Puckett for violating prison regulations. According to Captain Jenkins, Sergeant Puckett should have removed Ellis from the cell and placed him in a cage in the common area with water and allowed him two hours to provide the specimen. Ellis alleges that Sergeant Puckett failed to comply with TDCJ-CID regulations on drug testing offenders.

Captain Jenkins found Ellis guilty and imposed punishment of cell restriction for 45 days; a loss of recreation privileges for 45 days; a loss of commissary privileges for 45 days; a reduction in good-time earning class status from Line 1 to Line 2; and a loss of 180 days of good-time credits.

Ellis alleges that counsel substitute failed to represent him effectively at the disciplinary hearing. Ellis asserts that he was assigned a new counsel substitute 24 hours before the disciplinary hearing on March 7, 2012. Counsel substitute was unfamiliar with the case, did not consult with Ellis before the hearing, and failed to assist Ellis with the appeal process.

Ellis seeks a declaratory judgment that the defendants violated his civil rights; an injunction compelling the defendants to comply with TDCJ regulations on drug testing; compensatory damages of $15,000.00 from each defendant; and punitive damages of $25,000.00 from each defendant. His claims are analyzed below.

## II. Analysis

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### A. The Due-Process Claims

#### 1. The Claim of an Improper Disciplinary Hearing

Ellis claims that the disciplinary hearing officer, Captain Jenkins, violated due process by finding him guilty of three disciplinary violations: failing to provide a urine sample (disciplinary case number 20120182492); tampering with a locking mechanism or food tray slot (disciplinary case number 2012030080)[1]; and refusing to obey an order (disciplinary case number 20130078966). (Docket Entry No. 1, p. 9; Docket Entry No. 15, Plaintiff's More Definite Statement, p. 3, 6).

Prisoners are entitled to certain rights when a disciplinary conviction and punishment implicate due process rights. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). Only

---

[1] In his original complaint, Ellis complained of the denial of due process in relation to disciplinary case number 20120182492. In a letter this court received on January 24, 2013, Ellis stated that he intended to add claims relating to disciplinary cases numbers 20120360080 and 20130078966. (Docket Entry No. 14, p. 1). Ellis acknowledged that these claims could be raised in two separate lawsuits under 42 U.S.C. § 1983, but he wanted to include them in this lawsuit. In the interest of judicial economy, the court will consider the merits of these additional claims.

sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision implicate such rights. *Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle,* 65 F.3d 29, 31-33 (5th Cir. 1995). Ellis states that he is not eligible for release to mandatory supervision. (Docket Entry No. 15, Plaintiff's More Definite Statement, p. 10). He therefore has no liberty interest in his good-time credits and no right to due-process protection against their loss. *See Evans v. Baker,* 442 Fed. App'x 108, 2011 WL 4376219 (5th Cir. 2011) (citing *Arnold v. Cockrell,* 306 F.3d 277, 279 (5th Cir. 2002); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997)).

Ellis's due process claims against Captain Jenkins as well as the remaining defendants are flawed on a second basis. To sue for damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). If a judgment in a § 1983 suit in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," the suit must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* A "conviction" under *Heck* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits. *Edwards v. Balisok,* 520 U.S. 641 (1997). Ellis does not allege, and the record does not show, that his disciplinary convictions have been invalidated. (Docket Entry No. 15,

Plaintiff's More Definite Statement, pp. 9-10). A favorable judgment on Ellis's claims would necessarily imply the invalidity of the disciplinary convictions, barring the claims under *Heck*.

### 2. The Claim of a Violation of Prison Rules

Ellis contends that prison rules and procedural guidelines were not followed before he was placed in restrictive confinement, his good-time credits were revoked, and he was punished for disciplinary violations. Ellis provides handwritten copies of TDCJ-CID policies and regulations. (Docket Entry No. 1, pp. 14-21 and 28-29). The law is clear that the failure to comply with prison regulations is not in itself a constitutional violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989). The pleadings and exhibits Ellis filed show that he received timely notice of the charged violation, participated in some or all of the hearings, and was provided with reasons for the finding of guilt. (Docket Entry No. 15, Plaintiff's More Definite Statement, pp. 5-9). Ellis received the due process protection he was entitled to receive during the proceedings. He has not shown that any violation of the prison rules or regulations gave rise to a constitutional denial of due process during the disciplinary proceedings.

### 3. The Claim of an Inadequate Grievance System

Liberally construed, Ellis alleges that the defendants violated his civil rights by failing to resolve the complaints presented in his grievances. "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation omitted). An inmate does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v.*

*Martin, et al.*, slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (a prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.*, slip op. no. 01-30658 (5th Cir. Dec. 11, 2001) (unpublished) (same). The defendants' alleged failure to address the grievances to Ellis's satisfaction did not violate his constitutional rights. And the documents Ellis submitted show that the defendants investigated his grievances and provided timely responses. (Docket Entry No. 1, Exh. B, pp. 1-5, Exh. D, pp. 1-4). Ellis's due process claim based on an inadequate grievance procedure lacks merit.

### B. The Claims Based on Respondeat Superior

Ellis asserts that defendants Livingston and Ginsel were responsible for the operation of the Estelle Unit and the welfare of all inmates and that these defendants are therefore responsible for the misconduct of their subordinates. (Docket Entry No. 1, pp. 6-7). Ellis has not alleged that these supervisory defendants were personally involved in any of the alleged constitutional violations. Ellis seeks to impose liability on these defendants solely on the basis of their position as supervisors.

Individual liability under § 1983 may not be based on a supervisor's vicarious liability for the acts or omissions of employees. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Supervisory officials may be liable if their own action or inaction, performed with a certain degree of gross negligence or deliberate indifference, proximately causes a constitutional violation. *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). Ellis's claims that the individual employees at the TDCJ-CID are acting under the direction of these supervisory defendants are, as a matter of law, insufficient. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997); *Thompkins v. Belt*, 828

F.2d 298, 303-04 (5th Cir. 1987). The misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor. *Southard,* 114 F.3d at 551. The supervisory official's act, or failure to act, must have caused or been the moving force behind the plaintiff's harm, and the official must have been deliberately indifferent. Ellis does not allege that these supervisory defendants were aware of and disregarded a substantial risk to his safety or that these defendants were personally involved in the civil rights violations. The claims against Livingston and Ginsel fail as a matter of law.

## V. Conclusion

The action filed by Michael Joe Ellis (TDCJ-CID Inmate #00269408) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

To the extent Ellis seeks habeas relief based on the ineffective assistance of counsel substitute, a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (1973). Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). A challenge of ineffective assistance of counsel in a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 requires first exhausting available state court remedies and under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), must be filed within a one year statute of limitations.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on May 8, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge